**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MILDRED WOOD,**<br>15701 Cooper Beech Drive<br>Upper Marlboro, Maryland 20774<br><br>    **Plaintiff,**<br><br>    v.<br><br>**WASHINGTON METROPOLITAN AREA**<br>**TRANSPORTATION AUTHORITY**<br>600 5th Street, Northwest<br>Washington, DC 20001<br><br>    Serve Agent:<br>    Office of General Counsel<br>    c/o Carol B. O'Keeffe, Esq.,<br>    General Counsel<br>    600 5th Street, Northwest<br>    Washington, DC 20001<br><br>    **Defendant.** | Civ. No. _____<br><br>**Jury Trial Demand** |

## COMPLAINT AND JURY DEMAND

COMES NOW, the Plaintiff, Mildred Wood ("Plaintiff" or "Ms. Wood"), by and through counsel, Jay P. Holland, and the law firm of Joseph, Greenwald & Laake, P.A., and brings this Complaint seeking Judgment against Washington Metropolitan Area Transportation Authority ("Defendant" or "WMATA"), pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), for employment discrimination based upon race and gender, as well as under the District of Columbia Human Rights Act, D.C. Code § 12-1401 *et seq.* ("DCHRA"), for race and gender discrimination.

## JURISDICTION & VENUE

1. This Court has jurisdiction of Plaintiff's claims herein pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), and 42 U.S.C. § 2000(e).

2. Venue herein is proper under 28 U.S.C. § 1391 (b) and (c).

3. As alleged herein, all conditions precedent to the institution of this lawsuit have been performed or have occurred.

## PARTIES

4. Plaintiff is an African-American, female resident of the State of Maryland, residing at 15701 Cooper Beech Drive Upper Marlboro, MD 20774, and is a former Rail Operations Supervisor for Defendant Washington Metropolitan Area Transportation Authority who was unlawfully demoted based upon her race and gender.

5. Defendant is the Washington Metropolitan Area Transportation Authority and it maintains its principal office at 600 5th Street, NW, Washington, D.C., 20001. Through its network of Metrorail, Motorbus, and MetroAccess systems, Defendant serves a population of approximately five million people in the District of Columbia, as well as counties in Maryland and Virginia.

6. Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) and an "employer" within the meaning of 42 U.S.C. § 2000e(b). Defendant hired Plaintiff as an employee and is subject to the laws preventing discrimination in employment as set forth more fully in the Counts that follow.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. For those counts that so require, all administrative requirements to filing this lawsuit have been satisfied. Plaintiff filed a Charge of Discrimination with the U.S. Equal

Employment Opportunity Commission on August 14, 2013. Plaintiff's EEOC charge was closed on December 24, 2014, and she received her Notice of Right to Sue on December 29, 2014, allowing her until March 30, 2015 to pursue the instant claim.

## FACTS

8. Plaintiff had been employed by Defendant for over fifteen years, serving as a Rail Operations Supervisor for eight (8) years and a Utility Supervisor for three (3) years.

9. At all relevant times during Plaintiff's employment with Defendant, she satisfactorily performed her job and otherwise met the qualifications of her position, earning above satisfactory performance reviews.

10. As an African American female, Plaintiff is a member of two protected classes.

11. During her tenure with Defendant, Plaintiff was subject to harassment by Chief Operations Supervisor, Cheryl Eady, who made degrading comments about Plaintiff's appearance and body, including comments about the smoothness of Plaintiff's skin and Plaintiff's weight loss, as it related to Plaintiff's female status.

12. Later, Ms. Eady told Plaintiff that the only reason Plaintiff had a Rail Operations Supervisor position was because a male supervisor above her must have liked Plaintiff.

13. Not long after the harassment from Ms. Eady, Plaintiff was removed from the office and sent back into the field.

14. Ms. Eady prevented Plaintiff from working overtime, although she routinely allowed other male non-African-American supervisors to work overtime.

15. In April 2012, Plaintiff removed Operator Carlos Mosely from service for sleeping on the job, as Operator Mosely's actions clearly posed an imminent threat to public safety.

16. Even though Operator Mosely's actions were videotaped and witnessed by other employees, instead of commending Plaintiff for removing Operator Mosely and protecting the public safety, Defendant formally reprimanded Plaintiff because of complaints from Operator Mosely, a male. Defendant also submitted negative performance reviews for Plaintiff because of her opposition to that actions of male employee, Operator Mosely.

17. In the meantime, Plaintiff witnessed other male non-African-American Rail Supervisors playing board and video games on duty and they were not reprimanded or demoted for such actions.

18. In or about October 2012, Defendant engaged in additional adverse actions by wrongly accusing Plaintiff for two interlocking incidents that occurred at the Fort Totten and Glenmont stations, during which time Plaintiff reported to Defendant that clamps were rusted and that they remain a safety risk.

19. As a result of the false, discriminatory and retaliatory accusations by Defendant, Plaintiff was demoted from Rail Operations Supervisor to Train Operator in or about November 2012. Defendant also falsified and used inaccurate incident reports to support its discriminatory demotion of Plaintiff.

## COUNT I

### Discrimination in Violation of
### Title VII of the Civil Rights Act of 1964
### 42 U.S.C. § 2000e *et seq.*

20. Plaintiff adopts and incorporates each and every allegation contained in each of the foregoing paragraphs as fully restated herein.

21. By virtue of the acts described above, Defendant, by and through its employees, conspired to deny Plaintiff her employment rights, as guaranteed by Title VII by treating her

disparately and discriminating against her in her employment on the basis of her race and gender. Plaintiff was subjected to said employment conditions based on her race and gender – and was subjected to said conditions when those in non-protected categories were treated differently and more favorably in their employment.

22. As a direct and proximate result of the discriminatory acts and conduct of Defendant, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress, anguish, embarrassment, pain, discomfort, and anxiety, and economic loss.

## COUNT II

### Discrimination in Violation of the District of Columbia Human Rights Act
### D.C. Code §§ 1-2501 *et seq.*

23. Plaintiff adopts and incorporates each and every allegation contained in each of the foregoing paragraphs as fully restated herein.

24. Defendant, by and through its employees, denied Plaintiff her employment rights, as guaranteed by the District of Columbia Human Rights Act, D.C. Code §§ 1-2501, *et seq.*, by treating Plaintiff disparately and discriminating against her in her employment on the basis of her race and gender. Defendant discriminated against Plaintiff with respect to said employment conditions based on her race and gender when those in non-protected categories were treated differently and more favorably in their employment.

25. As a direct and proximate result of the discriminatory acts and conduct of Defendant, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress, anguish, embarrassment, pain, discomfort, and anxiety, loss of enjoyment, and economic loss.

## COUNT III

### Retaliation in Violation of
### Title VII of the Civil Rights Act of 1964

26.     Plaintiff adopts and incorporates each and every allegation contained in each of the foregoing paragraphs as if fully restated herein.

27.     By virtue of the acts described above, Defendant retaliated against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, for Plaintiff's exercising her right to engage in protected activity, including but not limited to complaining that she was being subjected to discrimination. Defendant demoted Plaintiff and submitted negative performance appraisals.

28.     As a direct and proximate result of the retaliatory acts and conduct of Defendant, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress, embarrassment, pain, discomfort, and anxiety, and economic loss.

## COUNT IV

### Retaliation in Violation of the District of Columbia Human Right Act
### D.C. Code §§ 1-2501 *et seq.*

29.     Plaintiff adopts and incorporates each and every allegation contained in each of the foregoing paragraphs as if fully restated herein.

30.     By virtue of the acts described above, Defendant retaliated against Plaintiff in violation of the District of Columbia Human Rights Act, D.C. Code §§ 1-2501, *et seq.* for Plaintiff's exercising her right to engage in protected activity, including but not limited to complaining that she was being subjected to discrimination. Defendant demoted Plaintiff, submitted negative performance appraisals, and changed the terms and conditions of Plaintiff's employment status.

31. As a direct and proximate result of the acts and conduct of Defendant, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer emotional and mental distress, embarrassment, pain, discomfort, and anxiety, and economic loss.

WHEREFORE, for the all of the aforementioned reasons, Plaintiff respectfully requests that an Order of Judgment be entered against the Defendant on all Counts and that full back pay and front pay be awarded.  Compensatory damages should be awarded, along with attorneys' fees, costs.  Further, Defendant should be enjoined from any additional acts of discrimination in employment as contrary to Federal and District of Columbia law.  Also, Plaintiff demands judgment against Defendant for punitive damages, plus interest, and any other additional relief as the nature of the case may require and which this Honorable Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues of triable fact in the foregoing complaint.

DATE:  March 27, 2015                               Respectfully submitted,

                                                    JOSEPH, GREENWALD & LAAKE, P.A.

                                                    /s/ ___Jay P. Holland_____
                                                    Jay P. Holland, Esq. (Bar No. 422258)
                                                    JOSEPH, GREENWALD & LAAKE, P.A.
                                                    6404 Ivy Lane, Suite 400
                                                    Greenbelt, Maryland 20770
                                                    301.220.2200 (T)
                                                    301.220.1214 (F)
                                                    jholland@jgllaw.com
                                                    *Counsel for Plaintiff*